[Crim. No. 9010. Second Dist., Div. One. July 28, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN
LENEAR, JR., Defendant and Appellant.

Erling J. Hovden, Public Defender (Los Angeles County),
under appointment by the District Court of Appeal, Sam
Gordon and James L. McCormick, Deputy Public Defenders,
for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—Defendant John Lenear, Jr., and Margaret Lowe were accused of unlawfully possessing heroin. In a jury trial, Lowe was found not guilty, but no verdict was reached as to Lenear and a mistrial was declared as to him. In a later jury trial he was found guilty. His motion for a new trial was denied and he was sentenced to state prison. He appeals from the judgment and the order denying his motion for a new trial.

Appellant contends that he was denied a fair trial in that the court erred in receiving certain articles in evidence (milk sugar, box of capsules, eyedropper, and needle). He also asserts that the evidence was insufficient to support the verdict.

On April 26, 1962, Officer Cooper, who had been in the narcotics division of the Los Angeles Police Department for 16 years, was assigned to make an investigation at 5011½ South Central Avenue in Los Angeles. He arrived there about 3 p.m., and after he had kept the place under surveillance about 10 minutes, he saw a woman enter the premises. She was Margaret Lowe, known to him as a narcotic addict and prostitute. About 15 minutes thereafter he went to the door and knocked, and after a short period of time defendant Lenear opened the door. He told defendant he was a police officer conducting a narcotics investigation and would like to talk with him. Defendant said: "Come in. I'm clean," opened the door for him to enter, and directed him to his room about 10 or 12 feet down a hallway. The door of this room was open, and Officer Cooper, preceding defendant, saw Mrs. Lowe in the room holding in her hand a spoon which she later laid down. He first talked with defendant and Mrs. Lowe, obtaining defendant's permission to search the room. He observed that the spoon which Mrs. Lowe had been holding was blackened on the bottom. He searched a chest of drawers standing against a wall of the room, and in the second drawer from the top he found a cardboard-type can filled with a white substance, the top of the can indicating it was milk sugar; a green box of clear empty gelatin capsules marked "Number 5"; and five measuring spoons. In a corner behind the foot of the bed he found a small paper "bindle" package in which were five capsules containing white powder, a number 26 needle in a paper match box, and

an eyedropper syringe. He also observed "track," a series of scar tissue marks, on Mrs. Lowe's arm, which indicated she was a user of narcotics. He did not find any needle marks on defendant's arms. Officer Cooper testified that he knew the paraphernalia used in narcotics addiction, and the blackened spoon indicated that narcotics had been heated in the spoon before injection by holding a burning match under the spoon, and that the needle and eyedropper were used in injecting the narcotics. He conversed with defendant in his room and on the way to the police station, and defendant told him he kept the sugar to give to children in the neighborhood and he owned the box of empty capsules and the five measuring spoons, but he denied ownership of the things found behind the bed—the eyedropper, needle, and five filled capsules. He said he had occupied the room two and one half or three weeks. Officer Cooper identified the contents of a large manila envelope, marked People's Exhibit 1, which contained: the green box of empty gelatin number 5 capsules, five measuring spoons, and the can of milk sugar, all of which he had found in the chest drawer; the articles he had found behind the bed—the remaining three and one half capsules of the original five which contained the white substance, the needle in the matchbox, and the eyedropper syringe; and the blackened spoon which he had seen in Mrs. Lowe's hand when he entered the room and later recovered from the top of the chest of drawers. There was also a smaller envelope which contained one of the original five capsules found behind the bed. This capsule had been analyzed by a police chemist and found to contain heroin.

Mr. Penprase, a police officer who is a chemist, testified that the number 5 capsule which Officer Cooper had delivered to him contained heroin and milk sugar.

Defendant Lenear testified that the five capsules, the blackened spoon, the syringe, and the needle did not belong to him; Mrs. Lowe had been in his room all night—since about 5 p.m. the afternoon before their arrest, and had not been out or returned just before Officer Cooper came; he found the can of milk sugar, the box of empty capsules, and the measuring spoons in the top of the closet when he moved into the room a couple of weeks before, and threw them into the middle drawer of the chest, since it was not unlawful to have them; he knew what heroin looked like; he had never seen the five capsules, needle, and eyedropper until Officer

Cooper found them; he did not see the spoon in Mrs. Lowe's hand; he heard a knock but he did not go immediately to the door. Later he went to the door, and stood there awhile talking with the officer before going back to his room with the officer.

This is the third time the defendant has been brought to trial upon this charge. At the first trial, as above stated, the defendant Margaret Lowe was acquitted, and the jury could not agree upon a verdict as to Lenear. During the second trial, after Officer Cooper had testified that he found the milk sugar, capsules, and spoons, the deputy district attorney asked him if he was familiar with the use of such spoons in connection with narcotics. The officer replied that in his opinion "this type of paraphernalia . . . is used in the preparation of narcotics for packaging." Thereupon, counsel for defendant made a motion that the court declare a mistrial, —apparently the motion was made upon the ground that the answer of the officer indicated that the defendant "is a trafficker in drugs." The motion was granted. At the beginning of the third or present trial, while the judge and counsel for the parties were conferring at the bench, counsel for defendant referred to the occurrences at the former trials, and the judge asked counsel for both parties to avoid any testimony that would result in a mistrial.

Appellant contends herein that he was denied a fair trial in that the court did not exclude evidence regarding the milk sugar, capsules, spoons, eyedropper, and needle, which evidence (according to appellant) was immaterial upon the charge herein (possession) but tended to show that he was involved in an offense not charged (sale of heroin).

When Officer Cooper was about to testify regarding his search of the premises, counsel for defendant (in a conference at the bench) objected to testimony regarding milk sugar, capsules, spoons, or things other than narcotics. The court made a statement to the effect that the objection was overruled. After the witness had testified as hereinabove related regarding the things he found during the search, counsel for defendant objected to a display of the milk sugar, capsules, and spoons, and he also made a motion that the court declare a mistrial. The motion was denied. (It does not appear that a ruling was made on the objection.) Those articles were then taken from an envelope, by the deputy district attorney, who exhibited them to the witness and asked questions as to whether the witness could identify them as things

he had found during the search. The witness so identified them.

At the beginning of the trial, it was stipulated that Officer King, a police officer who is a chemist, would testify that the five capsules in People's Exhibit 1 contained heroin. Later in the trial, the deputy district attorney called another chemist. Officer Penprase, as a witness, who testified that the white powder in a capsule, taken from Exhibit 1, contained heroin and he also noted the presence of milk sugar in the powder. Thereupon, at the bench, counsel for defendant made a motion that the court declare a mistrial on the ground of misconduct of the deputy district attorney in presenting testimony regarding the presence of milk sugar in the capsule. The motion was denied. Appellant asserts that offering and giving such testimony was an attempt to show that he was a dealer in narcotics.

Appellant also asserts that a further effort to prove that the defendant was a dealer in narcotics was indicated when the deputy district attorney presented testimony that the five capsules containing powder were size 5, and that the empty capsules in the box were also size 5. The deputy asked Officer Cooper if he was familiar with the size of capsules used by narcotic addicts. He replied in the affirmative. Then the deputy asked him his opinion as to the size of the five capsules. Counsel for defendant objected to the question on the ground that it was immaterial. The witness replied that the size might be number 4 or 5. The deputy asked Officer Penprase questions as to the size of the capsule (containing powder) which he examined, and as to the size of the empty capsules in the box. He replied that the capsule which he examined and the empty capsules were number 5.

Appellant argues that by reason of the evidence regarding milk sugar, box of empty capsules, and spoons, the jury might have drawn the inference that the district attorney was intending to show that appellant was trafficking in narcotics. Evidence that is relevant is not to be excluded because it tends to reveal the commission of an offense other than the one charged, and if the evidence offered by the prosecution tends " ' "logically, naturally, and by reasonable inference, to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense," ' " it is admissible even though it may embrace the commission of another crime. (*People* v. *Santa Maria,* 207 Cal.App.2d 306, 311-312 [24 Cal.Rptr. 492].) In the present

case, the appellant testified that he found the can of milk sugar, box of empty capsules, and spoons in the room when he moved there, that he put them in the chest, and he told the officer that he intended to give the sugar to a neighbor's children. The five capsules which contained a mixture of heroin and milk sugar were also in the room, and those capsules and the empty capsules were the same size. Appellant testified that he knew what heroin is. The woman, who was holding a blackened spoon when the officer entered the room, had needle marks on her arms. The question for determination by the jury was whether appellant was in possession of the heroin which was in the five capsules. As above indicated, he admitted, in effect, that he exercised dominion, control, and ownership over the milk sugar, empty capsules, and spoons. Since the five capsules in question also contained milk sugar, the admitted possession and control of the sugar and empty capsules would be relevant evidence upon the charge of possession of the heroin in the five capsules which were also in the room and were the same size as the empty capsules. Such evidence and the evidence as to the presence of spoons, blackened spoon, eyedropper, and needle, would tend to prove the charge of possession of the heroin. There was no evidence regarding a sale of narcotics by appellant. The deputy district attorney was not guilty of misconduct in referring to or offering in evidence the said articles. The court did not err in receiving them in evidence.

 With reference to appellant's further contention as to insufficiency of the evidence, he argues that if anyone had possession of the narcotics it was the codefendant Margaret Lowe; that there were no needle marks on his arms; and there was no proof that he knew of the presence of the narcotics. He cites various cases which he asserts are factually similar to the present case. The facts in the present case are stated in detail hereinabove, and it is not necessary to repeat them here. The evidence was sufficient to support the verdict.

The appeal from the order denying the motion for new trial is dismissed.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied August 17, 1964, and appellant's petition for a hearing by the Supreme Court was denied September 24, 1964. Mosk, J., did not participate therein.